case a personal action, barred by the prescription of ten years. Civ. Code, art. 3544.

We are, however, of opinion that the right referred to did not pass to plaintiff with his purchase from the Winstons, since it was personal to his vendors, and the deed by which he acquired contains no subrogation thereto. Matthews v. Alsworth, 45 La. Ann. 465, 12 South. 518; Bradford v. Damare, 46 La. Ann. 1533, 16 South. 487; Pokorny v. Pratt, 110 La. 603, 34 South. 703.

The exception to this rule (to which the learned counsel calls attention) arises when the entry or taking of the land is in the nature of a trespass, and applies to the demand for the value of the land as contradistinguished from the claim for damages incidental to such trespass.

In the instant case we find as a fact that the entry was made and the land occupied with the acquiescence of the owner. The case does not, therefore, fall within the exception.

Judgment affirmed.

———

(43 South. 43.)

No. 16,185.

KINGSBURY v. GUMBEL.

(Feb. 4, 1907.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by J. L. Kingsbury against Henry E. Gumbel. Judgment for plaintiff. Defendant appeals. Amended and affirmed.

Farrar, Jonas & Kruttschnitt, for appellant. Johnston Armstrong, for appellee.

LAND, J. In accordance with the stipulation filed by counsel for defendant and appellant, it is ordered that the judgment be amended, as prayed for by the plaintiff and appellee, to wit, by striking out all that portion of the decree allowing defendant 10 days within which to tender plaintiff a title to the property, with clear certificates thereto, and that, as thus amended, the judgment appealed from be affirmed; appellant to pay costs of appeal.